UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| GARY LEBRON CLAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:22-CV-135-KAC-CHS ) |
| K. PINGATORE, T. BREWER, UNITED STATES DEPARTMENT OF JUSTICE, and FEDERAL BUREAU OF PRISONS, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Gary Lebron Clay is a former prisoner of United States Penitentiary, Thomson ("USP Thomson") currently residing in Chattanooga, Tennessee [Doc. 2 p. 2, 3]. He filed a pro se complaint under 42 U.S.C. § 1983 arising out of an incident during his confinement in USP Thomson [*Id.*]. Because the Western Division of the United States District Court for the Northern District of Illinois is the proper venue for Plaintiff's claims, the Court will transfer this action to that Court.

The general venue statute for federal district courts provides:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b)(1)-(3). Plaintiff's complaint arises out of an incident that occurred in USP Thomson, which is located in Carroll County, Illinois. Carroll County, Illinois lies within the Western Division of the United States District Court for the Northern District of Illinois. 28 U.S.C. § 93(a)(2). Thus, the proper venue for this case is the Western Division of the United States District Court for the Northern District of Illinois. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (concluding that venue in a suit against a public official lies in the district where he performs his official duties). "[I]n the interest of justice," a federal district court may transfer a civil action to any district or division where it could have been brought originally. 28 U.S.C. § 1406(a).

Accordingly, the Court **DIRECTS** the Clerk to transfer this action to the Western Division of the United States District Court for the Northern District of Illinois and close this Court's file. An appropriate judgment will enter.

**SO ORDERED.**

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge
